1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | ROBERT A. BONTA, State Bar #202668
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Sixth Floor
5 | San Francisco, California 94102-5408
Telephone:    (415) 554-4268
6 | Facsimile:    (415) 554-3837
E-Mail:       robert.bonta@sfgov.org

7

8 | Attorneys for Defendants
SAN FRANCISCO POLICE DEPARTMENT,
9 | CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
10 | CAPACITY, AND OFFICER LARRY BERTRAND

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | MIKE QUAN, as an individual, and also
as proprietor of PLAYBAR, INC., dba
14 | THE ROOM, and JAVIER MAGALLON,

Case No.   **CV 10   1835**

15 | Plaintiffs,

16 | vs.

17 | SAN FRANCISCO POLICE
DEPARTMENT, CITY AND COUNTY
18 | OF SAN FRANCISCO, MAYOR GAVIN
NEWSOM, OFFICER LARRY
19 | BERTRAND, CALIFORNIA
DEPARTMENT OF ALCOHOL
20 | BEVERAGE CONTROL, STATE OF
CALIFORNIA, OFFICER MICHELLE
21 | OTT, and DOES 1-100, inclusive,

22 | Defendants.

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(B) (FEDERAL
QUESTION) BY DEFENDANTS CITY
AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM (IN HIS
OFFICIAL CAPACITY), AND
OFFICER LARRY BERTRAND OF
UNVERIFIED COMPLAINT OF
PLAINTIFFS; DEMAND FOR JURY
TRIAL**
[28 U.S.C. § 1441(A); F.R.C.P. 38(B)]

Date Action Filed:    March 29, 2010
Trial Date:           None

Attached Documents:
Exhibit A:  Superior Court Register of
Actions
Exhibit B:  Summons and Complaint for
RICO Violation and plaintiffs' proof of
service for defendant City and County of
San Francisco
Exhibit C:  San Francisco Defendants'
Answer and Demand For Trial By Jury.

23

24

25

26

27

28

---

1

Notice of Removal; Case No.                                                          n:\lit\li2010\101102\00622883.doc

*ORIGINAL FILED*
2010 APR 28 P 3: 08
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-filing*

*MEJ*

**TO:    THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants City and County of San Francisco, a municipal corporation (also erroneously sued as San Francisco Police Department), Mayor Gavin Newsom, in his official capacity, and Officer Larry Bertrand (collectively "defendants") hereby remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 the state court action described below. Defendants are filing in San Francisco Superior Court a Notice of Removal.

1.    On or about March 29, 2010, plaintiffs MIKE QUAN, as an individual, and also as proprietor of PLAYBAR, INC., dba THE ROOM, and JAVIER MAGALLON, filed a Complaint in the Superior Court of the State of California in and for the County of San Francisco, entitled *Mike Quan, as an individual, and also as proprietor of Playbar, Inc., dba The Room, and Javier Magallon v. CCSF, et al.*, Superior Court Case No. 10-498223. Attached hereto as Exhibit A is the Superior Court Register of Actions reflecting the filing of the complaint.

2.    Defendants are informed and believe that the first date upon which any defendant named in this action received a copy of the Complaint was March 29, 2010, when plaintiffs served the City and County of San Francisco with a copy of the Complaint and Summons. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint, which constitutes all of the process, pleadings and orders that have been received by the defendant in this case, in addition to plaintiffs' proof of service for defendant City and County of San Francisco, are attached hereto as Exhibit B. Defendants were not served with any corresponding notices or any other state court documents.

3.    The Complaint purports to state federal causes of action arising under 18 U.S.C. § 1962(c) (civil Racketeer Influenced and Corrupt Organizations, or R.I.C.O.).

4.    This action is therefore a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that it arises under the federal R.I.C.O. laws. To the extent that plaintiffs' Complaint also alleges a claim or cause of action other than violations of rights under the laws of the United States, said cause(s) of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c). This civil action arises in the City and County of San

2

1   Francisco based on plaintiffs' allegations that a substantial part of the events or omissions which

2   give rise to the claim occurred in the City and County of San Francisco.

3        5.      Defendants are informed and believe that the City and County of San Francisco is

4   the only defendant that has been served the Summons and Complaint in the pending action.

5   Attached hereto as Exhibit C are copies of the documents defendants have filed in the State Court

6   Case, including:  1) Defendants' Answer To Plaintiff's Complaint; and 2) Defendants' Demand For

7   Trial By Jury.

8        **WHEREFORE,** Defendants pray that the above action now pending in the Superior Court

9   of the State of California in and for the City and County of San Francisco be removed in its entirety

10  to this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

11                          **<u>DEMAND FOR JURY TRIAL</u>**

12       Defendants City and County of San Francisco, a municipal corporation (also erroneously

13  sued as San Francisco Police Department), Mayor Gavin Newsom, in his official capacity, and

14  Officer Larry Bertrand (collectively "defendants") demand a trial by jury in this action.

15

16

17  Dated:  April 28, 2010

18

19                          DENNIS J. HERRERA
                            City Attorney
20                          JOANNE HOEPER
                            Chief Trial Deputy
21                          ROBERT A. BONTA
                            Deputy City Attorney
22

23                          By: _____
                                ROBERT A. BONTA
24

25                          Attorneys for Defendants
                            SAN FRANCISCO POLICE DEPARTMENT,
26                          CITY AND COUNTY OF SAN FRANCISCO,
                            MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
27                          CAPACITY, AND OFFICER LARRY BERTRAND

28

3

# EXHIBIT A TO
# NOTICE OF REMOVAL

## Superior Court of California, County of San Francisco

Case Number: CGC-10-498223

Title: MIKE QUAN et al VS. SAN FRANCISCO POLICE DEPARTMENT et al

Cause of Action: OTHER NON EXEMPT COMPLAINTS

Generated: Apr-28-2010 10:34 am PST

<u>Register of Actions</u>   <u>Parties</u>   <u>Attorneys</u>   <u>Calendar</u>   <u>Payments</u>   <u>Documents</u>

# Register of Actions

Date Range: First Date Mar-29-2010   Last Date Apr-28-2010   (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence   ALL FILING TYPES   Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| APR-27-2010 | DEMAND FOR JURY FILED BY DEFENDANT MAYOR GAVIN NEWSOM OFFICER LARRY BERTRAND CITY AND COUNTY OF SAN FRANCISCO, MUNICIPAL CORPORATION, (ALSO ERRONEOUSLY SUED AS SAN FRANCISCO POLICE DEPARTMENT) | | |
| APR-27-2010 | ANSWER TO COMPLAINT FILED BY DEFENDANT MAYOR GAVIN NEWSOM OFFICER LARRY BERTRAND CITY AND COUNTY OF SAN FRANCISCO, MUNICIPAL CORPORATION, (ALSO ERRONEOUSLY SUED AS SAN FRANCISCO POLICE DEPARTMENT) | | EXEMPT |
| APR-01-2010 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF QUAN, MIKE AS AN INDIVIDUAL AND ALSO AS PROPRIETOR OF PLAYBAR, INC. DBA THE ROOM MAGALLON, JAVIER SERVED MAR-29-2010, PERSONAL SERVICE ON DEFENDANT CITY AND COUNTY OF SAN FRANCISCO | View | |
| MAR-29-2010 | NOTICE TO PLAINTIFF | View | |
| MAR-29-2010 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF QUAN, MIKE AS AN INDIVIDUAL AND ALSO AS PROPRIETOR OF PLAYBAR, INC. DBA THE ROOM MAGALLON, JAVIER AS TO DEFENDANT SAN FRANCISCO POLICE DEPARTMENT CITY AND COUNTY OF SAN FRANCISCO MAYOR GAVIN NEWSOM OFFICER LARRY BERTRAND CALIFORNIA DEPARTMENT OF ALCOHOL BEVERAGE CONTRAL STATE OF CALIFORNIA OFFICER MICHELLE OTT DOES 1 TO 100, INCL. SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR AUG-27-2010 PROOF OF SERVICE DUE ON MAY-28-2010 CASE MANAGEMENT STATEMENT DUE ON AUG-12-2010 | View | 370.00 |

# EXHIBIT B TO
# NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PLEASE SEE ATTACHED FOR DEFENDANTS

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIKE QUAN, as an individual, and also as proprietor of PLAYBAR, INC., dba THE ROOM, and JAVIER MAGALLON

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| RECEIVED MAYOR'S OFFICE |
| 10 MAR 29 PM 3: 56 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco County Superior Court
*(El nombre y dirección de la corte es):*

400 McAllister Street
San Francisco, CA 94102

| CASE NUMBER: *(Número del Caso):* |
|---|
| CGC-10-498223 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark L. Webb, 700 Montgomery Street, San Francisco, CA 94111; 415.434.0500

### CLERK OF THE COURT

DATE: MAR 2 9 2010
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT TO SUMMONS**

NOTICE TO DEFENDANTS:

**SAN FRANCISCO POLICE DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, OFFICER LARRY BERTRAND, CALIFORNIA DEPARTMENT OF ALCOHOL BEVERAGE CONTROL, STATE OF CALIFORNIA, OFFICER MICHELLE OTT, and DOES 1-100,** inclusive

1  MARK L. WEBB (STATE BAR NO. 67959)
   LAW OFFICE OF MARK L. WEBB
2  700 MONTGOMERY STREET
   SAN FRANCISCO, CA 94111
3  TEL: (415) 434-0500
   FAX: (415) 434-0502
4

5  Attorney for Plaintiffs
   Mike Quan, as an individual, and also as proprietor of Playbar, Inc., dba, The Room, Javier
6  Magallon

7

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **FOR THE COUNTY OF SAN FRANCISCO**

10 MIKE QUAN, as an individual, and also as    ) Case No.:   **CGC-10-498223**
11 proprietor of PLAYBAR, INC., dba THE        )
   ROOM, and JAVIER MAGALLON,                  ) COMPLAINT FOR:
12                                             )
           Plaintiffs,                          ) 1) FRAUD (MAIL)
13                                             ) 2) ASSAULT AND BATTERY;
                                               )    WRONGFUL ARREST;
14                                             )    KIDNAPPING
       vs.                                     ) 3) FALSE IMPRISONMENT
15                                             ) 4) EMOTIONAL DISTRESS
                                               ) 5) INTERFERENCE WITH BUSINESS
16 SAN FRANCISCO POLICE DEPARTMENT, )              OPPORTUNITIES
   CITY AND COUNTY OF SAN                      ) 6) RICO
17 FRANCISCO, MAYOR GAVIN NEWSOM,              )
   OFFICER LARRY BERTRAND,                     )
18 CALIFORNIA DEPARTMENT OF                    ) CASE MANAGEMENT CONFERENCE SET
   ALCOHOL BEVERAGE CONTROL, STATE )
19 OF CALIFORNIA, OFFICER MICHELLE             )
20 OTT, and DOES 1-100,  inclusive,            )    AUG 2 7 2010  -9:00 AM
                                               )
21         Defendants.                          )    DEPARTMENT 212
                                               )
22 _____)

23

24                  **GENERAL ALLEGATIONS**

25        Plaintiffs MIKE QUAN, PLAYBAR, INC., dba THE ROOM, and JAVIER

26 MAGALLON  allege as follows:

27

28 ///

                              1

1.   This court is the proper venue and has jurisdiction to hear this case because the parties are in San Francisco and a RICO case, as held by the U.S. Supreme Court, can be properly brought in a State Court.

2.   Plaintiff MIKE QUAN is a resident of San Francisco, CA and was, at all times complained of, proprietor of "The Room", a nightclub operated by Playbar, Inc.

3.   Plaintiff PLAYBAR, INC., is a corporation qualified to do business in California and located within the City of San Francisco.

4.   Plaintiff JAVIER MAGALLON is a resident of San Francisco, CA and was at all times complained of was employed by Playbar, Inc.

5.   Defendant SAN FRANCISCO POLICE DEPARTMENT ("the SFPD") is an organization operating as an arm of the CITY AND COUNTY OF SAN FRANCISCO ("CCSF") and on its behalf.

6.   MAYOR GAVIN NEWSOM has participated, directly or indirectly, in the conduct of a racketeering enterprise's affairs since he has been fully apprised of the misdeeds and criminal acts, including predicate acts, described below.  Most recently, during March of 2010 he has been made aware of this series of racketeering activities through cover stories in local newspapers, and through members of his staff.  Nevertheless, he refuses to take any action, and therefore has ratified and approved of the conduct complained of herein.  As the Mayor of this city, he has direct supervisory powers over the San Francisco Police Department as well as over the ACT's activities within the City and County of San Francisco.  His failure even to comment on the clear evidence of abuses and the pattern of racketeering activity described herein, constitutes an act of complicity and, on information and belief, direction that these acts take place.  NEWSOM himself is an owner of one or more nightclubs in San Francisco (the Matrix), which has never been disturbed by either the San Francisco Police or the ABC, further pointing to NEWSOM as being directly involved in this pattern of racketeering activity.

7.   Defendant OFFICER LARRY BERTRAND is an employee of the SFPD, and whose activities and misdeeds described below were and are fully known to his supervisors and commanding officers at the SFPD.

8.   Defendant THE CALIFORNIA DEPARTMENT OF ALCOHOL BEVERAGE CONTROL ("ABC") is a State licensing bureau operating as an arm of the STATE OF CALIFORNIA.

9.   Defendants SFPD and the CCSF, as well as ABC and the STATE OF CALIFORNIA, are all public entities.

10. MICHELLE OTT is an investigator working on behalf of ABC and was doing so in all instances described below.

11. Plaintiffs herein have previously filed the appropriate six-month claim forms against each public entity described above; that is, THE SFPD and ABC.   These claim forms are attached as Exhibits 1, 2, 3, and 4.

12. BERTRAND and OTT and DOES 1-100 were acting within the course and scope of their duties for SFPD and ABC.

13.  CCSF, as well as the STATE OF CALIFORNIA, have been provided ample time to review these claims and have rejected them.

14.  DOES 1 to 100 are currently unknown to Plaintiffs but on information and belief have participated directly or indirectly in this pattern of racketeering activity, including false arrests, assault and battery, kidnappings,  improper use of police authority, and other acts complained of herein.  When Plaintiffs discover the true names of said DOE defendants, Plaintiffs will ask leave of this court to substitute those names into this complaint.

15.  Plaintiffs herein allege that all Defendants named above have actively and aggressively participated in a corrupt union to violate the laws of this State and of the Federal Government. Specifically, Defendants have used a pattern of racketeering activity during the past year to intimidate and terrorize certain nightclub operators, party-goers, and party promoters, in order to effectuate an unlawful result in violation of 18 USC 1962(c) prohibiting any person employed by or associated with an enterprise engaged

> "in or that affects interstate commerce to participate in the enterprise's affairs through **a pattern of racketeering activity resulting in injury to claimants' businesses.**"

///

3

16.   This pattern of racketeering activity, as will be seen below, has had a direct effect on interstate commerce, including the volume of interstate shipment of alcohol and beverages to nightclubs and nightclub operators that have been victims of this pattern.  Specifically, many types of alcohol sold in clubs are imported from different states and even different countries.  The acts complained of herein, have had a chilling effect on the sale of those beverages by the intimidation on club operators and their clientele.

17.   In furtherance of this pattern of racketeering activity, Defendants have knowingly participated in an enterprise designed to interfere with and disrupt Plaintiffs' businesses by use of multiple predicate acts as defined under the United States code.  These predicate acts include: A) use of the mail and/or internet to transmit fraudulent criminal charges to certain plaintiffs while knowing that these charges were false or had no reasonable likelihood of being pursued by the prosecuting agencies; B) use of violence and threats of violence in conducting raids on Plaintiffs and their places of business in an attempt to intimidate and suppress the lawful conduct of nightclub operation and party attendants in San Francisco; C) kidnapping; that is, the use of improper force and color of authority to move a person against their will and in custody from one location to another; D) false imprisonment and false arrest; and E) arbitrary and unlawful use of official police power to disrupt the sales of nightclub businesses.

## FIRST CAUSE OF ACTION
### (By Javier Magallon for Assault and Battery, Wrongful Arrest, and Kidnapping)

18. Plaintiffs re-allege paragraphs 1 through 17 and incorporate them herein as though fully set forth.

19. Mr. Magallon is 30 years old and has worked as a bartender in San Francisco for approximately five years.  He has no criminal record and has a meticulous history of compliance with the law in his work as a bartender.  On June 19, 2009, he was employed at The Room to work the basement area, which had lawfully been licensed to operate as an extended portion of the bar for purposes of serving clientele.

///

///

4

20. On or about June 19, 2009, Defendants BERTRAND, OTT and others, conducted a forceful and unlawful arrest of Mr. MAGALLON under the pretext of his not having an I.D. They had entered the premises without warrant and without probable cause, knowing that this bar was properly licensed to do business.  Conscious that Mr. MAGALLON had a copy of his I.D. in the office upstairs, Defendants nevertheless arrested him, handcuffed him with hands behind his back, and placed him in police custody.

21. In the process of placing him in police custody, they dragged him to an area of the bar and physically beat him and assaulted him for no good cause.  This beating was captured by a video surveillance camera inside the bar.   They then physically moved him, again, with hands cuffed behind him, applying unnecessary force and pain to him while he complied with their requests to leave the premises and enter a police car outside.  While in the back seat of the police car, another officer, name unknown, struck him in the head.  Thereafter, the police and the Defendants herein transported him to a County jail cell , where he remained for several hours under unlawful arrest.

22. He was falsely accused of "resisting arrest and obstructing justice" as an improper basis to take him into custody and transport him to jail.  The fact that these charges were false is clear because they were never prosecuted and never even reached the decision level at the District Attorney's office.

23. This technique of arrest, detention, kidnapping and lodging of knowingly false charges, has been used on other occasions, both before and after this date.  Plaintiffs request leave of Court to amend this complaint when further such evidence is available.

24. As a result of this misconduct, Plaintiff was harmed in his person and in his earning capacity in that he was physically and emotionally unable to work for over one month.

25. He continues to experience emotional trauma which inhibits his earning capacity to this date.

///

///

///

26. The above conduct constitutes a predicate act as described under the RICO statute in that they were part and parcel of a scheme to defraud Mike Quan, Playbar, Inc., and other nightclub operators in the City of San Francisco of the freedom to conduct lawful business without improper police interference.

## SECOND CAUSE OF ACTION
**(By Mike Quan, Playbar, Inc., dba The Room, for Fraud by Mail, Unlawful Interruption of Business, Abuse of Police Power, and Destruction and Theft of Property)**

27. Plaintiffs re-allege paragraphs 1 through 26 and incorporate them herein as though fully set forth.

28. On or about June 19, 2009, Defendants BERTRAND, OTT, and others, with the consent and approval of their superiors, and in the course and scope of their duties, improperly raided The Room under the pretext and ruse that The Room was improperly licensed to do business on that date. In truth, ABC had granted to MIKE QUAN and his nightclub the right to serve alcohol and do business in that portion of The Room where the acts complained of took place. Therefore, the raid perpetrated by Defendants was improper at the outset.

29. On that date and at that time, Defendants, under improper color of authority, shut down Plaintiff QUAN's business, confiscated dozens of bottles of alcohol by maliciously emptying their contents for no reason (also on videotape), and seized and destroyed musical and DJ equipment being used to entertain the clientele there that night (also captured on videotape.)

30. Mr. QUAN was unlawfully and improperly cited with an infraction, "serving poisonous beverages", which infraction was dismissed and never brought to court by the D.A.

31. This activity constitutes another predicate act since Defendants used the mail and/or email to inform Mr. QUAN of this fraudulent charge.

32. The activities complained of in both the First and Second Causes of Action above had an affect on interstate commerce not only by virtue of use of the mail, but because the nightclub industry is served by alcoholic beverage transported in interstate commerce and sold to the public.

///

33. As a result of the activities above, Mr. QUAN has been forced to continue to pay rent and other expenses to his landlord under a lease contract for these premises, in spite of the fact that he can no longer remain open for business. Further, Mr. QUAN spent an excess of $400,000 in reliance of the ABC assurance that this premises could be used as a nightclub. This sum of money is not recoverable since it was used to improve the premises as a club that would be allowed to operate by the ABC and the SFPD.

34. Mr. QUAN continues to pay rent as described above and his damages are ongoing on a monthly basis, as his club remains closed. These damages will be presented in court according to proof.

**THIRD CAUSE OF ACTION**
**(By All Plaintiffs – RICO)**

35. Plaintiffs re-allege paragraphs 1 through 34 and incorporate them herein as though fully set forth.

36. Additional predicate acts are as follows:

37. **Arash Ghanadan** – In approximately December 2008 or January 2009, Arash Ghanadan, a 27-year-old engineer for Hewlett-Packard, had thrown a private party in SOMA which was raided by SFPD. SFPD Officer LARRY BERTRAND arrived at the scene as Ghanadan was outside walking a guest to her car. Officer BERTRAND demanded to be let into the party and asked to see Ghanadan's permits. Ghanadan refused to allow him to enter the private party without a warrant, telling the officer that no admission had been charged to any of the guests inside. Officer BERTRAND placed Ghanadan in handcuffs and forced him to kneel in a filthy, needle-strewn alley, and kicked his legs several times. This constituted unlawful assault and battery, as well as a wrongful arrest. Officer BERTRAND had called for back-up, and ten officers and members of the San Francisco Fire Department arrived to force open the door to the party. Ghanadan was improperly and unlawfully cited for running an afterparty without a permit, even though no permit was necessary since the party was in his own private premises and no sale of liquor was involved. He was also cited for "obstructing an

investigation" for not allowing BERTRAND to enter the private party without a warrant. All charges were dismissed for insufficient evidence.

In June, 2009, Ghanadan was a guest at another party at a loft on Folsom Street in San Francisco's South of Market (SOMA) district after a DJ party he had promoted at a SOMA nightclub. At approximately 2:30 a.m., police arrived and began to raid the party. Ghanadan again came face-to-face with Defendant Officer LARRY BERTRAND.

Officer BERTRAND called Ghanadan out by name, and told him that he would be taking him to jail. He told Ghanadan he was arresting him for throwing another party without proper permits and placed him in handcuffs. Ghanadan told Officer BERTRAND that he had nothing to do with this party, that he was merely a guest, but BERTRAND paid him no attention, and ordered the other officers at the site to release all the other party-goers.

While under arrest, Ghanadan was again sworn at by Officer BERTRAND, and his cell phone was seized, along with alcohol and DJ equipment confiscated from the party by the SFPD. Officer BERTRAND told Ghanadan was going to jail this time for running an after hours party without a permit. BERTRAND made this statement despite knowing that Ghanadan was only a guest at this party and had no responsibility to take out a permit. BERTRAND's activities on this occasion constituted assault and battery, wrongful arrest, and mail fraud – by using the mails to send the phony citation. These acts were part of a pattern of racketeering activity in violation of RICO.

38. **Club Caliente/Maurice Salinas** – Club Caliente has been owned and operated by businessman Maurice Salinas in San Francisco for over 10 years. It has been a thriving nightclub frequented and enjoyed often by the Latin community as its most popular Latino nightclub. Mr. Salinas has been at the 11th Street location for approximately 10 years, lawfully running his nightclub without violating laws and in service of his community. Starting in approximately September and October 2009, Officer LARRY BERTRAND of SFPD and investigator MICHELLE OTT of the ABC began to "raid" his club to look for violations. Using the now familiar pattern and ruse of ABC authority, these raids have been without warrant and without probable cause, under the pretext of finding liquor violations. Mr. Salinas has

1    consistently been meticulous about observing liquor laws and specifically has spent substantial

2    funds to install high-tech equipment to check identification cards and ensure that no minors are

3    allowed into the club.  Knowing this, BERTRAND and OTT nevertheless have insisted on

4    numerous weekends that they enter and interrogate Mr. Salinas' clientele, many of whom are not

5    fluent in English and are understandably frightened by the prospect of police action during their

6    recreational time, paid for by hard earned money.  On more than one occasion, BERTRAND and

7    OTT, with the knowledge of their superiors, including Police Commander Dudley and MAYOR

8    GAVIN NEWSOM, lined clients of Club Caliente against the wall to intimidate and harass them,

9    essentially arresting them unlawfully to view their identification cards.  The impact of this

10    procedure was to malign Club Caliente, Mr. Salinas, and its lawful audience, who were there to

11    have fun on a weekend.

12        Despite numerous such raids, the invading officers managed to "uncover" a single

13    infraction:  one customer used his brother's I.D. card, claiming he was over 21 to gain entry.

14    For this reason, Mr. Salinas was cited and fined, bullied, intimidated, and yelled at on the spot.

15        The inevitable consequence of this police activity, given this clientele, has caused

16    Caliente's business to be reduced to the extent of extinction.  Caliente is now permanently closed

17    and Mr. Salinas' 15-year old business venture has been ruined.  This condition is known to

18    BERTRAND, OTT, higher ups to be named later of the ABC, including staff at the Mayor's

19    office, and MAYOR NEWSOM himself.

20    39. **Mist/Mike Quan** – Mist is a nightclub owned and operated by Mike QUAN, also owner

21    of The Room.  Mist is located on 11th Street in San Francisco. Since Mr. QUAN timely filed a

22    Notice of Intent to Sue regarding The Room against SFPD, BERTRAND and other officers, as

23    well as the ABC, OTT and other investigators, both BERTRAND and OTT have on a **weekly**

24    **basis** paid harassing and intimidating visits on Mist.  Typically, these officers, wearing weapons

25    and badges, enter the premises without warrant to allegedly investigate ABC violations, which

26    they never find.  Mr. QUAN's clientele largely consists of upper middle class Asians from

27    throughout the Bay Area.  The regular intrusion of police presence into this club for no valid

28    reason is **retaliatory**, **vindictive**, and in furtherance of a pattern of racketeering activity,

1   including extortion. Mr. QUAN has been most recently visited on Valentine's Day Eve, February

2   13, 2010, when Investigator OTT insisted on entry into Mist, bypassing the numerous security

3   guards whose job it is to make sure that no one underage enters the club.  OTT, knowing full

4   well that the security is in charge of checking I.D.s, interrogated a woman whose job it was, as

5   an employee of the promoter of this event, simply to take tickets.  OTT intimidated this

6   employee and asked her how she knew that everybody was over 21.  This constituted clear

7   harassment and another predicate act in the context of the pattern of racketeering activity.

8        Less than two hours later, at approximately 1:45 a.m., February 14, 2010, OTT,

9   BERTRAND and other officers returned with three squad cars.  These cars were positioned

10  across the street from Mist with red and blue lights flashing at a time when the clientele at all the

11  clubs on 11th Street were leaving in **compliance with the 2 a.m. close requirement.**  At

12  approximately 1:50 a.m., OTT summoned Mr. QUAN across the street from his club and

13  accused him of "loitering".  He was told that he was in violation of the law because his clients,

14  all leaving the club before closing time, weren't dispersing fast enough to please the police.  Mr.

15  QUAN was issued a citation and ordered to appear in court March 12, 2010.  It is expected that

16  this too will result in "a not valid ticket" that is consistent with the patter described above.

17        As a consequence of this pattern of harassment intimidation and extortion, Mr. QUAN's

18  business at Mist has diminished substantially, to the point where he is now considering closing

19  his club.  His clientele has been reduced as a consequence of the fear imposed by the regular

20  unlawful and malicious weekend visits of these officers.

21  40. **Azul/John Bauer** – Mr. Bauer is the owner of Azul.  He is approximately 50 years old, a

22  husband and a father, with two small children, who has made Azul into a moderately successful

23  venue in a high profile neighborhood in San Francisco.  Because he lives with his family on the

24  Peninsula, he chose to sell Azul and use the money from the sale to open a club closer to his

25  home in order to spend more time with his wife and children.  Relying on the traditional and

26  perennial 2:00 a.m. closure allotted in person-to-person transfers of liquor licenses, he entered

27  into a contract for sale of Azul for approximately $450,000.  When ABC spontaneously and

28  arbitrarily changed the liquor license closure time to midnight, they automatically reduced the

1  value of his club, without good cause.  As a result, Mr. Bauer has not been able to complete this

2  transaction and is now forced to continue to operate the club himself, costing him the revenues

3  from the sale.

4       Had this deal gone through, it is expected that the new ownership would have created

5  dozens of new jobs for now unemployed persons in this city.

6  41. **Siobhan Heffernan** – Ms. Heffernan is a professional promoter's assistant, and has been

7  employed in San Francisco for many years.  She is paid by the promoter of private events to

8  ensure that only invited persons are allowed entry into private parties.  In this regard, it is her job

9  to position herself at the front entrance and check names and I.D.s.

10       On or about Saturday, November 28, 2009, Ms. Heffernan was lawfully employed at a

11  birthday party in the tony South of Market District of San Francisco, on Stevenson Street near

12  Seventh Street.  The guests were typically dressed and well behaved.  Nothing in the form of

13  violence, misbehavior, or even loud noise, was remotely a problem at this event.  Nor were their

14  any people congregating on the sidewalk outside.

15       At approximately 3:00 a.m., Officer LARRY BERTRAND of the SFPD and a female

16  officer believed to have been MICHELLE OTT of the ABC, arrived at the front door and

17  accosted Ms. Heffernan.  Officer BERTRAND, unknown to Ms. Heffernan as a police officer

18  since he was not in uniform, demanded entry for him and his partner.  Ms. Heffernan, doing her

19  job, informed the two that if they were not invited guests, they could not be allowed in.  Officer

20  BERTRAND thereupon displayed his badge and in a belligerent tone of voice stated to Ms.

21  Heffernan: "We're SFPD.  We can go wherever the f*** we like."

22       At this point, BERTRAND and OTT walked past Ms. Heffernan through the door and

23  proceeded to arrest Ms. Heffernan, who had never before been arrested in her entire life.

24       OTT place Ms. Heffernan in handcuffs behind her back and told her to sit down on some

25  steps and stay there.  Both BERTRAND and OTT took Ms. Heffernan's purse and conducted an

26  unwarranted and unlawful search and seizure of its contents.

27  ///

28  ///

11

Next, the officers approached another employee of the event promoter and similarly forced him to sit down next to Ms. Heffernan. After that, the officers spent some time inside the party, presumably interrogating guests. To Ms. Heffernan's knowledge, the party involved an "open bar," meaning that no money was exchanged for alcohol.

Thereafter, a number of SFPD squad cars surrounded the premises. The officers went in and ordered all the guests out, shutting down the party. Ms. Heffernan was cited for "running an illegal party" and ordered to appear in court several weeks later. When she appeared in court, she learned that the charges had been completely dropped.

Ms. Heffernan worked in this capacity at weekend parties for more than five years, using the income from this job to supplement her day job as a caregiver for the City of San Francisco, by whom she has been employed for three years.

She has observed that since the above-described event of November 2009, she has not been employed to work at private parties. She knows the reason is that few, if any, private parties are not being held since "everyone is afraid of being busted by Larry."

The above course of racketeering conduct has damaged Ms. Heffernan's income and business opportunities and has generally "devastated the art and music communities in this city."

## **PRAYER**

1. For economic damages according to proof for MIKE QUAN and PLAYBAR, INC., in excess of $2,000,000.

2. For economic and personal injury damages to JAVIER MAGALLON according to proof in excess of $1,000,000;

3. Treble damages in accordance with the RICO provision in conjunction with the Third Cause of Action, making the above claim in excess of $9,000,000;

4. For punitive damages against Defendants GAVIN NEWSOM, LARRY BERTRAND, and MICHELLE OTT, according to proof;

5. For reasonable attorney's fees as afforded by statute;

///
///
///

6.   For such other and further relief as the Court may deem appropriate.

Dated: March 29, 2010

By: _____

MARK L. WEBB
Attorney for Plaintiffs

13

# EXHIBIT 1

DEC 15 2009

RECEIVED

**CLAIM AGAINST THE STATE OF CALIFORNIA, ALCOHOLIC BEVERAGES
CONTROL, OFFICER MICHELLE OTT AND OTHERS YET UNKNOWN**

**1. Claimants' Names and Business Addresses:** Mike Quan & Playbar, Inc. 520 6th Street,
San Francisco, CA 94103

**2. Send Official Notices and Correspondence to:** Mark L. Webb, Esq., 700 Montgomery
Street, San Francisco, California 94111

**3. Date of Birth:** 01/15/65

**4. Social Security Number:** 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

**5. Date of Incident:** June 19, 2009

**6. Time of Incident (AM or PM):** 11:45 PM

**7. Location of Incident or Accident:**      101 6th Street, San Francisco, California 94103

**8. Claimant Vehicle License Plate #, Type and Year: N/A**

**9. Basis of Claim:**

    On the above date and time, San Francisco Police Department officer Larry Bertrand and
ABC state officer Ms. Michelle Ott unlawfully raided and shut down claimant's place of
business, Playbar, Inc. also known as "The Room" located at the corner of 6th and Mission.

    Bertrand and Ott improperly closed the premises for what they said was for lack of proper
licensing. In fact, however, claimant's establishment was properly licensed and claimant had
retained the services of two attorneys to ensure that he had all the necessary permits to operate
his business legally. These permits were on file at the time of this raid and were known to
Bertrand and Ott.

    As a result, claimant has been unable to continue operating his business since June 19,
2009. He has incurred loss of revenue amounting to at least $300,000, while continuing to have
to pay expenses, eg. rent under his lease. These expenses amount to approximately $60,000.
Further the above officers unlawfully confiscated and failed to return several dozens of bottles of
a legally stored in the basement of claimant's establishment. (See Exhibit "1") On the same
occasion, these officers unlawfully poured the contents of dozens of bottles of alcoholic
beverages without license or warrant (See Exhibit "2" They also unlawfully seized valuable
stereo and dj equipment breaking components. These same officers unlawfully charge claimant
with civil and criminal violations, which although cited were never filed. (See Exhibit "3")

The above acts were done under color of authority, in violation of claimant's civil rights and interference with claimant's legitimate business relations.  Also, claimant was defrauded by CCSF representatives who informed him that his business was fully licensed as a nightclub and bar.

**10. Description of Claimant's injury, property damage or loss:**

The damages sustained include lost revenues from the improper closure of claimant's business, emotional distress from the unlawful and violent nature of this raid.  The cost of lost alcohol and loss of reputation in the business community by virtue of defamation of character.

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation.  (See Instructions):**

It is believed that the damages for unconstitutional conduct as described above are in the excess of one million of dollars.

Court Jurisdiction: Unlimited Civil

**12.Witnesses (if any) Name:** Javier Magallon; Hanh Nguyen; Sean Greer

_____          Dec 14, 2009
Signature of Claimant or Representative          Date

_____          _____
Print Name          Relationship to
          Claimant

Case3:10-cv-01835-MEJ   Document1   Filed04/28/10   Page25 of 58

# Young's Market Company

THE ESTATES GROUP
PURVEYORS OF WINES AND SPIRITS

PLEASE REMIT TO:

OFFICE ADDRESS:

SOLD TO:
THE RUDN
PLAYBAR INC
151 SIXTH STREET
SAN FRANCISCO

| QTY. SHIPPED | | PRODUCT NO. | PACK | SIZE | DESCRIPTION | NET BTL. PRICE | ORDERED | SUG. BTL. SELL | GROSS AMOUNT | CASE PRICE | DISC. SCH. | DISC. PER CASE | NET EXTENSION |
| CASES | BTL. | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | | 29213 | 12 | LTR | CASTILLE LIGHT RUM | | | | | | | | |
| | | 712510 | 1 | | | | | | | | | | |
| | | 1425526 | 1 | 750ML | KETEL VODKA 80 | | | | | | | | |
| | | 4493822 | 16 | 750ML | EVIAN WTR | | | | | | | | |
| | | 1101627 | 24 | 3 | NESTLE MINT CHARD | | | | | | | | |
| | | 3771124 | 17 | | PERRIER ROSE | | | | | | | | |
| | | 010112 | 15 | | STOLI ELYBERRY 1.0 | | | | | | | | |
| 1 | | 900015602 | 12 | COMB | SVEDKA RASPBERRY IC | | | | | | | | |
| | | 163813 | 12 | LTR | SVEDKA ESPRESSO | | | | | | | | |
| 1 | | 900015599 | 1 | COMB | SVEDKA VODKA 80 C | | | | | | | | |
| 1 | | 162710 | 1 | COMB | SVEDKA CITRON VODKA IC | | | | | | | | |

SEE REVERSE SIDE

PLEASE PAY THIS AMOUNT

BOTL. WEIGHT

CASE WEIGHT

INVOICE NO.          INVOICE DATE          ACCT. #          NET AMT.

RECEIVED IN GOOD ORDER BY
X
PRINT NAME

INVOICE NO.
INVOICE DATE
DATE DUE
LICENSE
SALESMAN NO.
PAGE



DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
NOTICE TO APPEAR
MISDEMEANOR

ABC 303 (10/98)          NONTRAFFIC          **No.**

| Date of Violation | Time | ☐ AM ☒ PM | Telephone Number |
|---|---|---|---|
| 6/19 | | | |

Name (First, Middle, Last)

Address          City          State          Zip Code
726 b     S. 24   Francisco  1410

Drivers License No.     State          Birthdate
                                        1/15/55

| Sex | Hair | Eyes | Height | Weight | Other Des. |
|---|---|---|---|---|---|
| M | bk | brn | | 140 | A |

Violation(s)          Code/Ordinance          Description
23300/2335    Exceeding License
Priv / Sales with I.D
347 (b) PC - Public  hor.
          Activities

Evidence Seized          Receipt No.          ☐ Booking Required
7 btls

Location of Violation(s)          City of Occurrence
1105

☐ Violation(s) not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Arresting or Issuing Officer          Date 6/19/09

Name of Arresting Officer, if different from Issuing Officer.

Without admitting guilt, I promise to appear at the time and place indicated below.

**X** Signature

WHEN: Date: _____ Time: _____ ☒ AM ☐ PM
WHAT TO DO: Following the instructions on the reverse.
WHERE: ☐ Municipal Court   ☐ Consolidated Court   ☐ Juvenile Dept.
          Court/Department: _____
          Street: _____
          City: _____ Phone: _____
☐ To be notified
☐ You may arrange with the clerk to appear at a night session of the court. TR-120

Form approved by the Judicial Council of California, 10-30-98, Penal Code 853.9

**No.**

# EXHIBIT 2

Government Claims Program

DEC 1 5 2009

RECEIVED

# CLAIM AGAINST THE STATE OF CALIFORNIA, ALCOHOLIC BEVERAGES CONTROL, OFFICER MICHELLE OTT AND OTHERS YET UNKNOWN

**1. Claimants' Names and Home Addresses:** Javier Magallon, 1164 Deharo Street, San Francisco, California 94107

**2. Send Official Notices and Correspondence to:** Mark L. Webb, Esq., 700 Montgomery Street, San Francisco, California 94111

**3. Date of Birth:** 08/26/30

**4. Social Security Number:** 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

**5. Date of Incident:** June 19, 2009

**6. Time of Incident (AM or PM):** 11:45 PM

**7. Location of Incident or Accident:** 101 6th Street, San Francisco, California 94103

**8. Claimant Vehicle License Plate #, Type and Year: N/A**

**9. Basis of Claim:**

On June 19, 2009, claimant was the victim of an unlawful assault and battery by San Francisco Police Officer Larry Bertrand and ABC State Officer Michelle Ott. On that date at approximately 11:45 pm both Bertand and Ott unlawfully and without legal cause arrested claimant and beat him after cuffing his hands behind his back. After placing him in police custody, they transported him to jail, falsely and fraudulently charging him with resisting a peace office and obstructing a peace officer (See attached Exhibit "1" Citation).

He was then kept in custody for several hours. No formal charges were ever brought by the district attorney. These acts were conducted in clear violation of claimant's civil rights and consisted of unlawful arrest battery and wrongful detention.

**10. Description of Claimant's injury, property damage or loss:**

The injuries sustained are emotional distress, bruises and cuts. Claimant also suffered loss wages for approximately 45 days. Claimant is unaware at this time of the total damages sustained at this time.

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions):**

It is believed that the damages for unconstitutional conduct as described above are approximately $100,000.

## CLAIM AGAINST THE STATE OF CALIFORNIA, ALCOHOLIC BEVERAGES CONTROL, OFFICER MICHELLE OTT AND OTHERS YET UNKNOWN

**1. Claimants' Names and Home Addresses:** Javier Magallon, 1164 Deharo Street, San Francisco, California 94107

**2. Send Official Notices and Correspondence to:** Mark L. Webb, Esq., 700 Montgomery Street, San Francisco, California 94111

**3. Date of Birth:** 08/26/30

**4. Social Security Number:** 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

**5. Date of Incident:** June 19, 2009

**6. Time of Incident (AM or PM):** 11:45 PM

**7. Location of Incident or Accident:**     101 6th Street, San Francisco, California 94103

**8. Claimant Vehicle License Plate #, Type and Year: N/A**

**9. Basis of Claim:**

On June 19, 2009, claimant was the victim of an unlawful assault and battery by San Francisco Police Officer Larry Bertrand and ABC State Officer Michelle Ott. On that date at approximately 11:45 pm both Bertand and Ott unlawfully and without legal cause arrested claimant and beat him after cuffing his hands behind his back. After placing him in police custody, they transported him to jail, falsely and fraudulently charging him with resisting a peace office and obstructing a peace officer (See attached Exhibit "1" Citation).

He was then kept in custody for several hours. No formal charges were ever brought by the district attorney. These acts were conducted in clear violation of claimant's civil rights and consisted of unlawful arrest battery and wrongful detention.

**10. Description of Claimant's injury, property damage or loss:**

The injuries sustained are emotional distress, bruises and cuts. Claimant also suffered loss wages for approximately 45 days. Claimant is unaware at this time of the total damages sustained at this time.

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions):**

It is believed that the damages for unconstitutional conduct as described above are approximately $100,000.

Court Jurisdiction: Unlimited Civil

**12.Witnesses** (if any) **Name:** Sean Greer and Christian (last name unknown)

_____          12/14/09
Signature of Claimant or Representative          Date


Javier Magallon
Print Name                                        Relationship to
                                                  Claimant

STATE OF CALIFORNIA
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
# NOTICE TO APPEAR ☑ MISDEMEANOR

ABC 303 (10/98)          NONTRAFFIC          **No.**

| Date of Violation | Time | ☐ AM ☐ PM | Telephone Number |
|---|---|---|---|
| 6/1/07 | 2345 | | 415/67 - 3 |

**Name (First, Middle, Last)**
Ja  v  A  nder  Maga

| Address | City | State | Zip Code |
|---|---|---|---|
| 1164 Dehavo St | n ci | nci | 941 7 |

| Drivers License No. | State | Birthdate |
|---|---|---|
| CDL# 88397178 (exp.) | | 8/2 / 79 |

| Sex | Hair | Eyes | Height | Weight | Other Des. |
|---|---|---|---|---|---|
| M | B | Br | 5-8 | 170 | |

**Violation(s)    Code/Ordinance    Description**

148(a)     Obsh ctg a lfic
           Offi  c

148(  )(1) P    Resisting  P
           Officer

| Evidence Seized | Receipt No. | ☐ Booking Required |
|---|---|---|
| N b | /A | |

**Location of Violation(s)**                **City of Occurrence**
L - Street San Fra ci      9410 3

☐ Violation(s) not committed in my presence, declared on information and belief.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Arresting or Issuing Officer                     Date        7

Name of Arresting Officer, if different from Issuing Officer.

Without admitting guilt, I promise to appear at the time and place indicated below.

X Signature  _____

WHEN:  Date: August 11 2007  Time: 8:00  ☑ AM ☐ PM

WHAT TO DO:  Following the instructions on the reverse.

WHERE: ☐ Municipal Court   ☐ Consolidated Court   ☐ Juvenile Dept.

Court/Department: _____
Street: _____
City: San Francisco    Phone: _____

☐ To be notified  (415) 553 - 9 30          SEE REVERSE
☐ You may arrange with the clerk to appear at a night session of the court. TR-120

Form approved by the Judicial Council of California, 10-30-98, Penal Code 853.9

**No.**

# EXHIBIT 3

### CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, OFFICER LARRY BERTRAND AND OTHERS YET UNKNOWN

**1. Claimants' Names and Business Addresses: Mike Quan & Playbar, Inc.** 520 6th Street, San Francisco, CA 94103

**2. Send Official Notices and Correspondence to:** Mark L. Webb, Esq., 700 Montgomery Street, San Francisco, California 94111

**3. Date of Birth:** 01/15/65

**4. Social Security Number:** 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

**5. Date of Incident:** June 19, 2009

**6. Time of Incident (AM or PM):** 11:45 PM

**7. Location of Incident or Accident:**      101 6th Street, San Francisco, California 94103

**8. Claimant Vehicle License Plate #, Type and Year: N/A**

**9. Basis of Claim:**

On the above date and time, San Francisco Police Department officer Larry Bertrand and ABC state officer Ms. Michelle Ott unlawfully raided and shut down claimant's place of business, Playbar, Inc. also known as "The Room" located at the corner of 6th and Mission.

Bertrand and Ott improperly closed the premises for what they said was for lack of proper licensing. In fact, however, claimant's establishment was properly licensed and claimant had retained the services of two attorneys to ensure that he had all the necessary permits to operate his business legally. These permits were on file at the time of this raid and were known to Bertrand and Ott.

As a result, claimant has been unable to continue operating his business since June 19, 2009. He has incurred loss of revenue amounting to at least $300,000, while continuing to have to pay expenses, eg. rent under his lease. These expenses amount to approximately $60,000. Further the above officers unlawfully confiscated and failed to return several dozens of bottles of a legally stored in the basement of claimant's establishment. (See Exhibit "1") On the same occasion, these officers unlawfully poured the contents of dozens of bottles of alcoholic beverages without license or warrant (See Exhibit "2" They also unlawfully seized valuable stereo and dj equipment breaking components. These same officers unlawfully charge claimant with civil and criminal violations, which although cited were never filed. (See Exhibit "3") discarded

The above acts were done under color of authority, in violation of claimant's civil rights

CITY & COUNTY OF SAN FRANCISCO CONTROLLER   RECEIVED 09 DEC 14 PM 2:42

and interference with claimant's legitimate business relations. Also, claimant was defrauded by CCSF representatives who informed him that his business was fully licensed as a nightclub and bar.

**10. Description of Claimant's injury, property damage or loss:**

The damages sustained include lost revenues from the improper closure of claimant's business, emotional distress from the unlawful and violent nature of this raid. The cost of lost alcohol and lost of reputation in the business community by virtue of defamation of character.

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions):**

It is believed that the damages for unconstitutional conduct as described above are in the excess of one million of dollars.
brea
Court Jurisdiction: Unlimited Civil

**12. Witnesses** (if any) **Name:** Javier Magallon; Hanh Nguyen; Sean Greer

_____                    Dec 14, 2009
Signature of Claimant or Representative                Date

MIKE QUAN
Print Name                                           _____
                                                     Relationship to
                                                     Claimant

# EXHIBIT 4

## CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, OFFICER LARRY BERTRAND AND OTHERS YET UNKNOWN

**1. Claimants' Names and Home Addresses:** Javier Magallon, 1164 Deharo Street, San Francisco, California 94107

**2. Send Official Notices and Correspondence to:** Mark L. Webb, Esq., 700 Montgomery Street, San Francisco, California 94111

**3. Date of Birth:** 08/26/30

**4. Social Security Number:** 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

**5. Date of Incident:** June 19, 2009

**6. Time of Incident (AM or PM):** 11:45 PM

**7. Location of Incident or Accident:** 101 6th Street, San Francisco, California 94103

**8. Claimant Vehicle License Plate #, Type and Year:** N/A

**9. Basis of Claim:**

On June 19, 2009, claimant was the victim of an unlawful assault and battery by San Francisco Police Officer Larry Bertrand and ABC State Officer Michelle Ott. On that date at approximately 11:45 pm both Bertand and Ott unlawfully and without legal cause arrested claimant and beat him after cuffing his hands behind his back. After placing him in police custody, they transported him to jail, falsely and fraudulently charging him with resisting a peace office and obstructing a peace officer (See attached Exhibit "1" Citation).

He was then kept in custody for several hours. No formal charges were ever brought by the district attorney. These acts were conducted in clear violation of claimant's civil rights and consisted of unlawful arrest battery and wrongful detention.

**10. Description of Claimant's injury, property damage or loss:**

The injuries sustained are emotional distress, bruises and cuts. Claimant also suffered loss wages for approximately 45 days. Claimant is unaware at this time of the total damages sustained at this time.

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions):**

It is believed that the damages for unconstitutional conduct as described above are approximately $100,000.

RECEIVED 09 DEC 14 PM 2:40 CITY & COUNTY OF SAN FRANCISCO CONTROLLER

Court Jurisdiction: Unlimited Civil

**12.Witnesses** (if any) **Name:** Sean Greer and Christian (last name unknown)

_____         _____
Signature of Claimant or Representative         Date     12/14/09

_____         _____
Print Name     Javier Magallon         Relationship to
Claimant

## STATE OF CALIFORNIA
## DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
# NOTICE TO APPEAR ☒ MISDEMEANOR

ABC 303 (10/98)          NONTRAFFIC          **No. 66473**

| Date of Violation | Time | ☐ AM ☒ PM | Telephone Number |
|---|---|---|---|
| 6/19/09 | 2345 | | 415/99-5213 |

Name (First, Middle, Last)
Javier Alexander Magallon

| Address | City | State | Zip Code |
|---|---|---|---|
| 1164 Delano St. | San Francisco | | 94107 |

| Drivers License No. | State | Birthdate |
|---|---|---|
| CDL# B8397178(exp.) | | 8/26/79 |

| Sex | Hair | Eyes | Height | Weight | Other Des. |
|---|---|---|---|---|---|
| M | Blk | Brn | 5-8 | 170 | O |

| Violation(s) | Code/Ordinance | Description |
|---|---|---|
| 148(a)(1) PC | | Obstructing a Peace Officer |
| 148(a)(1) PC | | Resisting a Peace Officer |

| Evidence Seized | Receipt No. | ☐ Booking Required |
|---|---|---|
| None | N/A | |

Location of Violation(s)                          City of Occurrence
101 6TH Street San Francisco 94103

☒ Violation(s) not committed in my presence; declared on information and belief.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Arresting or Issuing Officer M. Ott #793   Date 6/19/09

Name of Arresting Officer, if different from Issuing Officer.

Without admitting guilt, I promise to appear at the time and place indicated below.

**X** Signature

**WHEN:** Date: August 11 2009 Time: 8:00 ☒ AM ☐ PM

**WHAT TO DO:** Following the instructions on the reverse.

**WHERE:** ☐ Municipal Court   ☐ Consolidated Court   ☐ Juvenile Dept.

Court/Department: San Francisco Superior Court

Street: 850 Bryant St. Room 145

City: San Francisco   Phone:

☐ To be notified (415) 553-9395          **SEE REVERSE**

☐ You may arrange with the clerk to appear at a night session of the court. TR-120

Form approved by the Judicial Council of California, 10-30-98, Penal Code 853.9

**No. 66473**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

## Document Scanning Lead Sheet

Apr-15-2010 11:48 am

Case Number: CGC-10-498223

Filing Date: Apr-01-2010 4:19

Juke Box: 001    Image: 02821028

ONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLA

MIKE QUAN et al VS. SAN FRANCISCO POLICE DEPARTMENT et al

001C02821028

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark L. Webb, Bar #67959<br>Law Office of Mark L. Webb<br>700 Montgomery Street<br>San Francisco, CA 94111<br>TELEPHONE NO.: 415.434.0500  FAX NO. *(Optional):* 415.434.0502<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs Mike Quan, et al. | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>APR - 1 2010<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: Mike Quan, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Francisco Police Department, et al. | CGC-10-498223 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* Notice to Plaintiff

3. a. Party served *(specify name of party as shown on documents served):*

   City and County of San Francisco

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   Nydia S. Gonzalez, Receptionist

4. Address where the party was served:
   Office of the Mayor, City Rall, Rm. 200, 1 Dr. Carlton B. Goodlett Pl., San Francisco, CA 94102

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 29, 2010  (2) at *(time):* 3:56 p.m.

   b. ☐ **by substituted service.** On *(date):*                  at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Mike Quan, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: San Francisco Police Department, et al. | CGC-10-498223 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:                                   (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)         ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)     ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)          ☐  415.46 (occupant)
                              ☐  other:

7.  **Person who served papers**
  a.  Name:  Maria C. Ascarrunz
  b.  Address:  700 Montgomery Street, San Francisco, CA  94111
  c.  Telephone number:  415.434.0500
  d.  **The fee** for service was:  $ 0.00
  e.  I am:
    (1)  ☑  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
      (i)  ☐  owner  ☐  employee  ☐  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  March 29, 2010

Maria C. Ascarrunz
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)                  (SIGNATURE)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PLEASE SEE ATTACHED FOR DEFENDANTS


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIKE QUAN, as an individual, and also as proprietor of PLAYBAR, INC., dba THE ROOM, and JAVIER MAGALLON

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco County Superior Court

400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-10-498223

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark L. Webb, 700 Montgomery Street, San Francisco, CA 94111; 415.434.0500

DATE:     MAR 2 9 2010                  CLERK OF THE COURT
*(Fecha)*                               Clerk, by _____, Deputy
                                        *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

**ATTACHMENT TO SUMMONS**

NOTICE TO DEFENDANTS:

**SAN FRANCISCO POLICE DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, OFFICER LARRY BERTRAND, CALIFORNIA DEPARTMENT OF ALCOHOL BEVERAGE CONTROL, STATE OF CALIFORNIA, OFFICER MICHELLE OTT, and DOES 1-100, inclusive**

# EXHIBIT C TO
# NOTICE OF REMOVAL

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  ROBERT A. BONTA, State Bar #202668
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4268
6  Facsimile:     (415) 554-3837
   E-Mail:        robert.bonta@sfgov.org
7

8  Attorneys for Defendants
   SAN FRANCISCO POLICE DEPARTMENT,
9  CITY AND COUNTY OF SAN FRANCISCO,
   MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
10 CAPACITY, AND OFFICER LARRY BERTRAND

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF SAN FRANCISCO

14                          UNLIMITED JURISDICTION

15 MIKE QUAN, as an individual, and also        Case No. CGC-10-498223
   as proprietor of PLAYBAR, INC., dba
16 THE ROOM, and JAVIER MAGALLON,               **DEFENDANTS CITY AND COUNTY**
                                                **OF SAN FRANCISCO, SAN**
17              Plaintiffs,                      **FRANCISCO POLICE DEPARTMENT,**
                                                **MAYOR GAVIN NEWSOM, IN HIS**
18      vs.                                      **OFFICIAL CAPACITY, AND**
                                                **OFFICER LARRY BERTRAND'S**
19 SAN FRANCISCO POLICE                          **ANSWER TO PLAINTIFFS'**
   DEPARTMENT, CITY AND COUNTY                   **UNVERIFIED COMPLAINT**
20 OF SAN FRANCISCO, MAYOR GAVIN
   NEWSOM, OFFICER LARRY
21 BERTRAND, CALIFORNIA                          Date Action Filed:    March 29, 2010
   DEPARTMENT OF ALCOHOL                         Trial Date:           Not Set
22 BEVERAGE CONTROL, STATE OF
   CALIFORNIA, OFFICER MICHELLE
23 OTT, and DOES 1-100, inclusive,

24              Defendants.

25

26

27      Defendants City and County of San Francisco, a municipal corporation, (also erroneously

28 sued as San Francisco Police Department), Mayor Gavin Newsom, in his official capacity, and

                                         1

Defendants' Answer to Complaint; Case No. 498223                    n:\lit\li2010\101102\00622655.doc

1    Officer Larry Bertrand (collectively "defendants") responds to plaintiffs' unverified complaint as

2    follows:

3        Pursuant to section 431.30 of the California Code of Civil Procedure, defendants deny each

4    and every allegation in the complaint.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

8    Plaintiff fails to state facts sufficient to constitute a cause of action against defendants.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

11       Defendants allege by way of a plea of comparative negligence that plaintiffs are negligent in

12   and about the matters and activities alleged in the complaint; that said negligence contributed to and

13   was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause

14   thereof; and that if plaintiffs are entitled to recover damages against defendants, then defendants

15   pray that the recovery be diminished or extinguished by reason of the negligence of plaintiffs in

16   proportion to the degree of fault attributable to plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

(Contribution)

19       Defendants allege that the fault of persons other than defendants contributed to and

20   proximately caused the occurrence; and under the principles formulated in the case of *American*

21   *Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), and under the provisions of

22   California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, defendants pray that the percentage of

23   such contribution be established by special verdict or other procedure, and that defendants' ultimate

24   liability be reduced to the extent of such contribution.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

27       Defendants allege that the complaint and each and every cause of action therein is barred by

28   the statute of limitations as set forth in California Government Code §§ 901, 945.4, 945.6, 945.8,

2

California Code of Civil Procedure § 335 *et seq.*, and related statutes, as well as the four-year statute of limitations for RICO claims (*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143 (1987)).

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

Defendants allege that the complaint and each and every cause of action therein is barred because plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from answering defendants.

### SIXTH AFFIRMATIVE DEFENSE

#### (Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the defendants was not the proximate cause of plaintiffs' injury.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Negligence of Third Parties - Equitable and Statutory Indemnity for Defendants)

Defendants state that plaintiffs' injuries were caused by the negligence or other act or omission of third parties, and defendants are entitled to equitable and statutory indemnity from such third parties.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Denial of Damages)

Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Immunity)

Defendants allege the provisions of the California Government Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

### TENTH AFFIRMATIVE DEFENSE

#### (Immunity - Barred by Tort Claims Act)

3

1   The complaint is barred by the provisions and immunities of the California Tort Claims Act,

2   without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2;

3   818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9;

4   821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2;

5   830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7;

6   831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8;

7   846; 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4;

8   855.6; 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4;

9   895.6; 895.8.  Under California law, defendants are liable only pursuant to statute.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Claims Requirements)

Plaintiffs failed to comply with the claims requirements with respect to suits against public entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable statutes.

## TWELFTH AFFIRMATIVE DEFENSE

### (Variance Between Tort Claim and Complaint)

Plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2, 950.6 and related provisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

4

By reason of plaintiffs' own acts and omissions, plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata)

The complaint and each cause of action therein is barred by the doctrine of collateral estoppel, res judicata, and the case law prohibiting a plaintiff from "splitting" claims or causes of action. *Ferraro v. Southern Cal. Gas Co.*, 102 Cal. App. 3d 33 (1980).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

The City and County of San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to the provisions of Section 818 of the California Government Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs had full knowledge of the risk involved in the activity in which plaintiffs were engaged at the time of the occurrence of the incident set forth in the complaint; plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiffs were caused by said risks.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Careless, Reckless, Wanton and Negligent Acts)

At all times mentioned in the complaint, plaintiffs acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs have released defendants of liability.

## TWENTIETH AFFIRMATIVE DEFENSE

5

1     (Several Liability)

2         In the event that defendants are found to be liable – which liability is specifically denied and

3     stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic

4     damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986

5     (Proposition 51) as set forth in Sections 1431.2 and 1432 et seq of the California Civil Code.

6     Defendants request that the trier of fact be instructed that the amount of non-economic damages be

7     allocated in direct proportion to the percentage of fault, if any, assessed against each person or

8     entity to which the Act applies and that a separate judgment be rendered against each such person or

9     entity in the amount of such non-economic damages attributable to that person or entity.

10                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

11                         (Use Of Force Justified)

12        The complaint and each cause of action therein is barred because the use of force against the

13    plaintiffs by defendants, if any, was privileged and justified.

14                   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

15                           (Unclean Hands)

16        The complaint and each cause of action therein is barred by the doctrine of unclean hands.

17                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

18                          (Legal Justification)

19        Defendants had legal justification for any actions and omissions and therefore the complaint

20    and each and every cause of action therein is barred.

21                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

22                     (Self-Defense / Defense Of Others)

23        The Complaint and each cause of action is barred because any force used against plaintiffs,

24    if any, was lawful exercise of self-defense or defense of others.

25                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

26                         (Consent to Use of Force)

27        At all times relevant to plaintiffs' complaint herein, plaintiffs knowingly, voluntarily and/or

28    willingly consented to the use of force and/or contact upon his person.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Force Not Excessive)

No more force or contact was used on plaintiffs' person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, prevent injury to the officers and/or to facilitate and safeguard a valid police investigation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (CA Penal Code Sections Re Arrest & Use of Force)

Defendants allege that at all times mentioned in plaintiff's Complaint herein, Defendants acted in accordance with and pursuant to §§834, 834a 835, 835a, and 836 of the California Penal Code.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Mutual Combat)

Defendants allege that plaintiffs had full knowledge of the risks involved in the mutual combat activity in which plaintiffs engaged and set forth in the complaint herein; that plaintiffs voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks, which were accepted and voluntarily assumed by plaintiffs when they engaged in said activity.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Peace Officer Immunities Apply)

Defendants are immune from any liability and protected against the burden of litigation under the statutory and common law immunities protecting peace officers, prosecutors and public officials.  These immunities include, but are not limited to, Penal Code Section 847(b)(1).

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be

7

1    appropriate.

2            WHEREFORE, defendants prays for judgment as follows:

3        1.      That plaintiffs take nothing from defendants;

4        2.      That the complaint be dismissed with prejudice;

5        3.      That judgment be entered in favor of defendants;

6        4.      That defendants recover costs of suit herein, including attorneys' fees; and

7        5.      For such other relief as is just and proper.

8

9    Dated:  April 27, 2010

10                           DENNIS J. HERRERA
                             City Attorney
11                           JOANNE HOEPER
                             Chief Trial Deputy
12                           ROBERT A. BONTA
                             Deputy City Attorney
13

14                       By: _____
15                           ROBERT A. BONTA

16                           Attorneys for Defendants
                             SAN FRANCISCO POLICE DEPARTMENT,
17                           CITY AND COUNTY OF SAN FRANCISCO,
                             MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
18                           CAPACITY, AND OFFICER LARRY BERTRAND

19

20

21

22

23

24

25

26

27

28

Defendants' Answer to Complaint; Case No. 498223                    n:\lit\li2010\101102\00622655.doc

1

2

**PROOF OF SERVICE**

I, ANNA BURCIAGA, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

4

5

On April 27, 2010, I served the following document(s):

6

7

**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY, AND OFFICER LARRY BERTRAND'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

8

on the following persons at the locations specified:

9

Mark L. Webb, Esq.
Law Offices of Mark L. Webb
700 Montgomery Street
San Francisco, CA 94111
Telephone:     415-434-0500
Facsimile:     415-434-0502
*Attorney for Plaintiffs*

10

11

12

13

in the manner indicated below:

14

☒     **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15

16

17

18

☐     **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or **☐ will be filed separately with the court.**

19

20

☐     **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

21

22

23

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

24

Executed April 27, 2010, at San Francisco, California.

25

26

_____
ANNA BURCIAGA

27

28

9

Defendants' Answer to Complaint; Case No. 498223

n:\lit\li2010\101102\00622655.doc

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   ROBERT A. BONTA, State Bar #202668
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:      (415) 554-4268
6   Facsimile:      (415) 554-3837
    E-Mail:         robert.bonta@sfgov.org
7

8   Attorneys for Defendants
    SAN FRANCISCO POLICE DEPARTMENT,
9   CITY AND COUNTY OF SAN FRANCISCO,
    MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
10  CAPACITY, AND OFFICER LARRY BERTRAND

11

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF SAN FRANCISCO

14                             UNLIMITED JURISDICTION

15  MIKE QUAN, as an individual, and also       Case No. CGC-10-498223
    as proprietor of PLAYBAR, INC., dba
16  THE ROOM, and JAVIER MAGALLON,              **DEFENDANTS CITY AND COUNTY
                                                OF SAN FRANCISCO, SAN
17              Plaintiffs,                      FRANCISCO POLICE DEPARTMENT,
                                                MAYOR GAVIN NEWSOM, IN HIS
18      vs.                                      OFFICIAL CAPACITY, AND
                                                OFFICER LARRY BERTRAND'S
19  SAN FRANCISCO POLICE                         DEMAND FOR TRIAL BY JURY**
    DEPARTMENT, CITY AND COUNTY
20  OF SAN FRANCISCO, MAYOR GAVIN
    NEWSOM, OFFICER LARRY            Date Action Filed:    March 29, 2010
21  BERTRAND, CALIFORNIA            Trial Date:           Not Set
    DEPARTMENT OF ALCOHOL
22  BEVERAGE CONTROL, STATE OF
    CALIFORNIA, OFFICER MICHELLE
23  OTT, and DOES 1-100, inclusive,

24              Defendants.

25

26

27

28

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 27 2010

CLERK OF THE COURT
BY:   CAROLYN BALISTRERI
                    Deputy Clerk

1    Defendants City and County of San Francisco, a municipal corporation, (also erroneously

2  sued as San Francisco Police Department), Mayor Gavin Newsom, in his official capacity, and

3  Officer Larry Bertrand (collectively "defendants") hereby demand a trial by jury.

4

5  Dated:  April 27, 2010

6                                          DENNIS J. HERRERA
                                           City Attorney
7                                          JOANNE HOEPER
                                           Chief Trial Deputy
8                                          ROBERT A. BONTA
                                           Deputy City Attorney
9

10

11                                  By: _____
                                           ROBERT A. BONTA
12
                                           Attorneys for Defendants
13                                         SAN FRANCISCO POLICE DEPARTMENT,
                                           CITY AND COUNTY OF SAN FRANCISCO,
14                                         MAYOR GAVIN NEWSOM, IN HIS OFFICIAL
                                           CAPACITY, AND OFFICER LARRY BERTRAND
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           2

## PROOF OF SERVICE

I, ANNA BURCIAGA, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On April 27, 2010, I served the following document(s):

**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY, AND OFFICER LARRY BERTRAND'S DEMAND FOR TRIAL BY JURY**
on the following persons at the locations specified:

Mark L. Webb, Esq.
Law Offices of Mark L. Webb
700 Montgomery Street
San Francisco, CA  94111
Telephone:     415-434-0500
Facsimile:     415-434-0502
*Attorney for Plaintiffs*

in the manner indicated below:

☒     **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐     **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.  **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐     **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax # to the persons and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 27, 2010, at San Francisco, California.

ANNA BURCIAGA

Demand for Jury Trial; Case No. 498223                              n:\lit\li2010\101102\00624848.doc

1

**PROOF OF SERVICE**

2

I, ANITA MURDOCK, declare as follows:

3

I am a citizen of the United States, over the age of eighteen years and not a party to the

4

above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza

Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

5

6

On April 28, 2010, I served the following document(s):

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION) BY DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY) AND OFFICER LARRY BERTRAND OF UNVERIFIED COMPLAINT OF PLAINTIFFS; DEMAND FOR JURY TRIAL**

8

9

**[28 U.S.C. § 1441(A); F.R.C.P. 38(B)]**

on the following persons at the locations specified:

10

Mark L. Webb, Esq.                          John P. Devine, Esq.

11

Law Offices of Mark L. Webb            Deputy Attorney General

700 Montgomery Street                     State of California

12

San Francisco, CA  94111                 455 Golden Gate Avenue

Telephone:    415-434-0500             San Francisco, CA  94102

13

Facsimile:     415-434-0502             Telephone:  415-703-5522

*Attorney for Plaintiffs*                      *Attorney for State of California, et al.*

14

in the manner indicated below:

15

☒       **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies

16

of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City

17

Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s)
that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that

18

same day.

19

☐       **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed

envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional

20

messenger service.  **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will
be filed separately with the court.**

21

☐       **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true

22

and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons
and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The

23

transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission
report** ☐ **is attached** or ☐ **will be filed separately with the court.**

24

I declare under penalty of perjury pursuant to the laws of the State of California that the

25

foregoing is true and correct.

26

Executed April 28, 2010, at San Francisco, California.

27

*Anita Murdock*

ANITA MURDOCK

28

4