EDMUND G. BROWN JR.
Attorney General of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JOHN P. DEVINE
Deputy Attorney General
State Bar No. 170773
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5522
  Fax: (415) 703-5480
  E-mail: John.Devine@doj.ca.gov

*Attorneys for Defendants State of California, acting by and through the Department of Alcohol Beverage Control, and Michelle Ott*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MIKE QUAN, ET AL.,<br><br>                  Plaintiffs,<br><br>v.<br><br>**San Francisco Police Department, et al.,**<br><br>                  Defendants. | CV-10-1835 MEJ<br><br>**ANSWER TO COMPLAINT FOR DAMAGES BY DEFENDANTS STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA DEPARTMENT OF ALCOHOL BEVERAGE CONTROL, AND MICHELLE OTT; DEMAND FOR JURY TRIAL**<br><br>Judge:    Honorable Maria-Elena James |

COME NOW Defendants State of California, acting by and through the Department of Alcohol Beverage Control, and Michelle Ott and in response to the Complaint for Damages ("Complaint') on file herein, admit, deny, and allege as follows:

    1.    Answering paragraph 1 of the complaint, defendants alleged that the United States District Court for the Northern District of California is the proper venue for this lawsuit. Answering defendants have no information or belief upon the remaining facts alleged in said

paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint. Paragraph 1 of said complaint also contains conclusions of law that do not require an answer.

2. Answering paragraph 2 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

3. Answering paragraph 3 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

4. Answering paragraph 4 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

5. Answering paragraph 5 of the complaint, answering defendants admit that the San Francisco Police Department is a department of the City and County of San Francisco.

6. Answering paragraph 6 of the complaint, answering defendants have no information or belief upon the facts alleged about Mayor Gavin Newsom and on that ground deny the allegation.

7. Answering paragraph 7 of the complaint, answering defendants are informed and believe that Officer Larry Bertrand is an employee of the San Francisco Police Department. Answering defendants have no information or belief upon the remaining facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

8. Answering paragraph 8 of the complaint, answering defendants admit that the Department of Alcohol Beverage Control is an entity of the State of California, and that one of its functions is licensing.

9. Answering paragraph 9 of the complaint, answering defendants admit the allegations that the named defendants in said paragraph are public entities.

10. Answering paragraph 10 of the complaint, answering defendants admit Michelle Ott is an investigator who works for the Department of Alcohol Beverage Control, and that she was employed by the Department during the times mentioned in the complaint.

11. Answering paragraph 11 of the complaint, answering defendants have insufficient information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

12. Answering paragraph 12 of the complaint, answering defendants admit that Investigator Ott was acting in the scope and course of their employment during the time mentioned in the complaint. Answering defendants have no information or belief upon the remaining facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

13. Answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

14. Answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

15. Answering paragraph 15 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint. To the extent that the allegations of said paragraph are conclusions of law, they do not require an answer.

16. Answering paragraph 16 of the complaint, answering defendants deny the allegations in said paragraph. To the extent that the allegations of said paragraph are conclusions of law, they do not require an answer.

17. Answering paragraph 17 of the complaint, answering defendants deny the allegations in said paragraph. To the extent that the allegations of said paragraph are conclusions of law, they do not require an answer.

18. Answering paragraph 18 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

19. Answering paragraph 19 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

20. Answering paragraph 20 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

21. Answering paragraph 21 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

22. Answering paragraph 22 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

23. Answering paragraph 23 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

24. Answering paragraph 24 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

25. Answering paragraph 25 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint.

26. Answering paragraph 26 of the complaint, said paragraph contains conclusions of law that do not require an answer. To the extent that said paragraph may be deemed to require an answer, answering defendants deny each and every allegation of said paragraph of the complaint.

27. Answering paragraph 27 of the complaint, answering defendants incorporate by reference the responses contained in paragraphs 1 through 26 of this Answer as if those responses were set forth fully here.

28. Answering paragraph 28 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendants have no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

29. Answering paragraph 29 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendants have no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

30. Answering paragraph 30 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendants have no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

31. Answering paragraph 31 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendants have no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

32. Answering paragraph 32 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendant has no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, denies each and every remaining allegation of said paragraph of the complaint.

33. Answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

34. Answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every remaining allegation of said paragraph of the complaint.

35. Answering paragraph 35 of the complaint, answering defendants incorporate by reference the responses contained in paragraphs 1 through 34 of this Answer as if those responses were set forth fully here.

36. Answering paragraph 36 of the complaint, said paragraph contains conclusions of law that do not require an answer.

37. Answering paragraph 37 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint. Said paragraph also contains conclusions of law that do not require an answer.

38. Answering paragraph 38 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint. Said paragraph also contains conclusions of law that do not require an answer.

39. Answering paragraph 39 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint. Said paragraph also contains conclusions of law that do not require an answer.

40. Answering paragraph 40 of the complaint, answering defendants have no information or belief upon the facts alleged in said paragraph sufficient to answer the allegations and, on that ground, deny each and every allegation of said paragraph of the complaint. Said paragraph also contains conclusions of law that do not require an answer.

41. Answering paragraph 41 of the complaint, said paragraph contains conclusions of law that do not require an answer. Answering defendant has no information or belief upon the alleged facts in said paragraph sufficient to answer the allegations and, on that ground, denies each and every remaining allegation of said paragraph of the complaint.

AS SEPARATE AND AFFIRMATIVE DEFENSES, defendants allege as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint fails to allege facts sufficient to constitute a claim.

AFFIRMATIVE DEFENSE NO. 2:

The complaint and each cause of action therein are uncertain.

AFFIRMATIVE DEFENSE NO. 3:

Plaintiffs' own conduct estops plaintiffs from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 4:

At all relevant times, plaintiffs failed to mitigate their injury and damages.

AFFIRMATIVE DEFENSE NO. 5:

At all relevant times, each defendant acted independently and not in association or concert with or as agent or servant of any other defendant, including any sued herein under fictitious names, or of the employees or agents of other defendants.

AFFIRMATIVE DEFENSE NO. 6:

The California Tort Claims Act bars vicarious liability for any act or omission of any other person, by way of respondent superior or otherwise. (Gov. Code, §§ 815.2, 820.8.)

AFFIRMATIVE DEFENSE NO. 7:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the State Board of Control claim, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 8:

The answering public entity is immune from suit pursuant to Government Code section 815 to the extent that the complaint and each cause of action therein attempt to state a cause of action not provided by statute against a public entity.

AFFIRMATIVE DEFENSE NO. 9:

The complaint and each cause of action therein fails to allege facts sufficient to state a claim for punitive damage.

AFFIRMATIVE DEFENSE NO. 10:

There is no basis for imposing vicarious liability on a public entity when its employee is not liable. Gov. Code Sec. 815.2; *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 11:

There can be no liability for any injury or damages, if any there were, resulting from a failure to provide police protection or to provide sufficient police service. (Gov. Code §845.)

AFFIRMATIVE DEFENSE NO. 12:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 13:

Plaintiffs willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom plaintiffs knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the complaint. Such conduct is a reasonable implied assumption of the risk

AFFIRMATIVE DEFENSE NO. 14:

There is no liability for any injury or damages, if any there were, resulting from adopting or failing to adopt an enactment or from the failure to enforce law. (Gov. Code §§ 815.2, 818.2, 821.)

AFFIRMATIVE DEFENSE NO. 15:

Because the complaint is couched in conclusionary terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

WHEREFORE, answering defendants State of California acting by and through the Department of Alcohol Beverage Control and Michelle Ott pray that:

1. Judgment be rendered in favor of defendants and against plaintiffs; and
2. Plaintiffs take nothing by the instant complaint; and

3. Defendants be awarded costs of suit incurred herein; and

4. Defendants be awarded such other and further relief as the Court may deem necessary and proper.

### DEMAND FOR JURY TRIAL

Answering defendants respectfully demand a trial by jury.

Dated: May 5, 2010

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of California

JOHN P. DEVINE
Deputy Attorney General

*Attorneys for Defendants State of California, acting by and through the Department of Alcohol Beverage Control, and Michelle Ott*

SF2010200381
20273865.doc